UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROBERT DAVID NEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:13-cv-00209-LJM-WGH |
| ) | |
| THE UNITED STATES POSTAL ) | |
| SERVICE, ) | |
| ) | |
| Defendant. | |

**Amended Entry Discussing Request
to Proceed on Appeal *In Forma Pauperis***

The plaintiff seeks leave to proceed on appeal without prepayment of the appellate fees of $455.00.

**I.**

An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; *see Coppedge v. United States,* 369 U.S. 438 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See id*. There is no objectively reasonable argument the plaintiff could present to argue that the disposition of this action was erroneous. In pursuing an appeal, therefore, the plaintiff "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000).

## II.

Apart from the foregoing, the plaintiff is not eligible to proceed on appeal *in forma pauperis*.

A prisoner who has filed at least three suits or appeals that are frivolous, malicious, or fail to state a claim is ineligible to proceed *in forma pauperis* and must prepay all fees unless in imminent physical danger. 28 U.S.C. ' 1915(g); *see Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008). A prisoner who is ineligible to proceed *in forma pauperis* must prepay all fees unless in imminent physical danger. In addition, "[a] litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact.@ *Id.* (citing *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999)).

Despite the fact that the plaintiff has not supplied information from which it could be determined that he is ineligible for that status because of the barrier created by 28 U.S.C. § 1915(g) and because of his litigation history, those matters are pertinent to his present request. .

In *Evans v. Illinois Department of Corrections*, 150 F.3d 810 (7th Cir. 1998), it was noted that a prisoner-litigant in these circumstances is entitled to know the cases the court relies on when making the three-strikes determination. For plaintiff Neal's reference, the cases on which the court relies in finding three Αstrikes@ are the following:

*Nelson v. Briggs,* No. 1:11-cv-558-JMS-MJD (S.D.Ind. July 26, 2011)(dismissed for failure to state a claim upon which relief can be granted)

*Nelson v. Quintana*, No. 5:10-cv-484-UA-DUTY (C.D.Calif. April 9, 2010) (dismissed for failure to state a claim upon which relief can be granted)

*Neal v. United States*, 2013 WL 1715779 (Ct.Cl. April 19, 2013)("Plaintiff's complaint may also be dismissed because it is clearly frivolous and an abuse of the judicial system.")

### III.

### A.

Because the plaintiff's appeal is not taken in good faith, and because he is ineligible to proceed in that fashion because of the barrier created by 28 U.S.C. § 1915(g), his request for leave to proceed on appeal *in forma pauperis* [dkt. 16] is **denied.**

### B.

The plaintiff is reminded that "unpaid docket fees incurred by litigants subject to Section 1915(g) lead straight to an order forbidding further litigation." *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999). "An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that ' 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan,* 181 F.3d at 859.

IT IS SO ORDERED.

Date: 08/14/2013

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT DAVID NEAL
15151-180
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808